### First National Bank of Rock Falls, Appellant, v. George Deneen, Appellee.

### Gen. No. 6,087. (Not to be reported in full.)

Appeal from the Circuit Court of McHenry county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed November 5, 1915.

### Statement of the Case.

Action by the First National Bank of Rock Falls, plaintiff, against George Deneen, defendant, in the Circuit Court of McHenry county. Plaintiff obtained a judgment against defendant by confession, on a *narr* and *cognovit,* and execution issued thereon. At the same term defendant filed a motion supported by affidavit to set aside and vacate the judgment and for leave to plead. On the motion, without formal notice to plaintiff, the court entered an order staying the execution and giving defendant leave to plead. The court overruled a demurrer to the pleas filed, and plaintiff electing to stand by its demurrer, entered an order vacating and setting aside the judgment and entered judgment in bar. From a judgment in bar, plaintiff appeals.

J. E. BARBER and D. T. SMILEY, for appellant, Mc-
MILLEN & McMILLEN, of counsel.

EDWARD D. SHURTLEFF, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the
court.

## Abstract of the Decision.

1. JUDGMENT, § 82*—*when showing sufficient to set aside judg-*
*ment by confession.* On a motion supported by an affidavit to set
aside a judgment obtained by confession on a *narr* and *cognovit,*
and for leave to plead, *held* that the showing made by defendant was
sufficient to sustain an order staying the execution, and granting
such leave.

2. JUDGMENT, § 78*—*when court right to open judgment and allow*
*defendant to plead without notice.* The right of a court to make an
order staying an execution on a judgment by confession and granting
defendant leave to plead does not depend upon notice to plaintiff.

3. NOTICE, § 62*—*when party compelled to take notice of court*
*proceedings.* A plaintiff who appears for the purpose of having judg-
ment entered by confession is properly in court and is compelled to
take notice of all subsequent proceedings in relation thereto.

4. JUDGMENT, § 78*—*when immaterial that plaintiff had no*
*formal notice of order staying execution and granting right to plead.*
Where an order is entered, staying an execution and granting
defendant leave to plead, it is immaterial that plaintiff had no
formal notice of such action by the court, where it appears that
after the pleas were filed plaintiff actually took notice of such action
by making a motion to strike the pleas, and to vacate and set aside
the order, and raised all the questions it could have raised if it
had had notice of the motion for leave to plead, it thereby appear-
ing that plaintiff lost no rights by such want of notice.

5. PLEADING, § 312*—*when verification of plea not necessary.* Sec-
tion 55 of the Practice Act (J. & A. ¶ 8592), does not require verifica-
tion of pleas filed in pursuance of an order staying an execution
and granting leave to plead, since such statute applies only where
plaintiff files with his declaration an "affidavit showing the nature
of his demand, and the amount due him from the defendant, after
allowing to the defendant all his just credits, deductions and set-
offs, if any," and has no application to a case where the only affida-
vit filed with the declaration is the one usually filed in cases of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

judgment by confession, in an action to recover on a note, verifying the handwriting and the genuineness of the signature of the maker of the note.

6. PLEADING, § 215*—*what questions demurrer to special pleas raises.* A demurrer to special pleas raises the question of the sufficiency of the pleas as a defense to the action.

7. PLEADING, § 102*—*when not necessary that all special pleas in bar be sufficient.* In order to support a judgment in bar, entered on special pleas, it is sufficient if any of the pleas filed contained matters constituting a bar to the action, for which reason it is not necessary in such case to find that all the pleas were sufficient in law to constitute a defense, or to bar plaintiff's action.

8. PLEADING, § 200*—*what demurrer admits.* A demurrer admits as matter of law that the matters set up in the pleading demurred to are true, and such matters must be so regarded by the court in passing on the demurrer.

9. BILLS AND NOTES, § 348*—*when special plea in bar sufficient.* In an action to recover on a note, a judgment in bar *held* not erroneous, where on demurrer to defendant's plea in bar it appeared that such plea alleged matter constituting a sufficient and complete defense to the action.